[Cite as *State v. Smith*, 2021-Ohio-630.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2020-08-044 |
| Appellee, | : | O P I N I O N<br>3/8/2021 |
| | : | |
| - vs - | : | |
| | : | |
| ANTHONY JOSEPH SMITH, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2019-CR-00635


D. Vincent Faris, Clermont County Prosecutor, Katherine Terpstra, 76 South Riverside Drive, Second Floor, Batavia, Ohio 45103, for appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for appellant


**M. POWELL, J.**

{¶ 1} Appellant, Anthony Smith, appeals a decision of the Clermont County Court of Common Pleas sentencing him to nine months in prison for violating the terms of his community control.

{¶ 2} Appellant was indicted on July 2, 2019, for aggravated possession of drugs,

a felony of the fifth degree. He was arraigned the next day and released on his own recognizance ("OR bond"). The case was scheduled for a plea or trial setting on August 22, 2019. Appellant did not appear at the hearing and the trial court issued a bench warrant for his arrest. Appellant was arrested on the bench warrant one month later, was again released on his own recognizance, and the plea or trial setting was rescheduled for October 3, 2019. Appellant did not appear at this hearing and the trial court issued a bench warrant for his arrest. Appellant was apprehended; he pled guilty to a fifth-degree felony count of aggravated possession of drugs. On November 15, 2019, the trial court sentenced him to three years of community control.

{¶ 3} Appellant's community control included both standard and special conditions. As relevant here, appellant was required to "report to the Adult Probation Department as instructed by any of the Adult Probation Department personnel[,] * * * follow [his] probation officer's written and verbal instructions and cooperate with [his] officer at all times." Appellant was further required to successfully complete the Clermont Recovery Center ("CRC") treatment program if directed to do so by his probation officer. The judgment entry notified appellant that if he violated the terms of his community control, he could be sentenced to nine months in prison.

{¶ 4} On January 2, 2020, appellant's probation officer filed an affidavit of community control violation, alleging that appellant had failed to report to the probation officer on two separate occasions, failed to follow the probation officer's instructions, and last reported at the end of November 2019. A bench warrant was issued, appellant was apprehended, a hearing for sentencing on community control violation was scheduled for February 14, 2020, and appellant was released on his own recognizance.

{¶ 5} Appellant did not appear at the February hearing and a bench warrant was issued. Appellant was arrested on February 17, 2020, the hearing was rescheduled for

- 2 -

March 12, 2020, and appellant was released on his own recognizance. As conditions of his OR bond, appellant was ordered to report to the probation department immediately upon his release from jail and comply with all community control sanctions.

{¶ 6} On March 9, 2020, the probation officer filed a supplemental affidavit of community control violation, alleging that appellant had failed to report to the probation department upon his release from jail as ordered above and further failed to report as subsequently instructed.

{¶ 7} On March 12, 2020, appellant failed to appear for his hearing and a bench warrant was issued. Appellant was arrested on March 19, 2020, the hearing was rescheduled for May 1, 2020, and appellant was released on his own recognizance. As conditions of his OR bond, appellant was ordered to call the probation department immediately upon his release from jail and comply with all community control sanctions.

{¶ 8} On April 28, 2020, the probation officer filed a second supplemental affidavit of community control violation, alleging that appellant had failed to call the probation department upon his release from jail and further failed to report to his probation officer.

{¶ 9} On May 1, 2020, appellant failed to appear for his hearing and a bench warrant was issued. Appellant was arrested ten days later. On May 26, 2020, appellant appeared before the trial court and admitted violating his community control as set forth in the initial affidavit and first supplemental affidavit of community control violation. The state withdrew the second supplemental affidavit of community control violation. The trial court continued appellant on community control. The court ordered appellant to comply with all of his community control sanctions "as previously ordered," "fully reengage with the Clermont Recovery Center and successfully complete the treatment plan this facility develops for him," and report immediately to the probation department upon his release from jail. Appellant was released from jail the same day.

{¶ 10} On June 4, 2020, the probation officer filed an affidavit of community control violation, alleging that

> The defendant did violate Basic Sanction No. 6 of the community control * * * in that the defendant failed to report as directed. Specifically, the defendant failed to report on 05/26/2020 after being released from the Clermont County Jail. The defendant has had no contact with Probation Department since 04/10/2020 and his current whereabouts are unknown.
>
> The defendant did violate Basic Sanction No. 6 of the community control * * * in that the defendant failed to follow his probation officer's verbal or written instructions as evidenced by the other violations contained in this affidavit.

A bench warrant was issued; appellant was arrested the next day.

{¶ 11} On June 16, 2020, appellant admitted to the allegations of the June 4, 2020 affidavit of community control violation. On July 22, 2020, he appeared before the trial court for sentencing. Noting the number of bench warrants issued throughout the case and the fact appellant had failed and refused to engage in a substance abuse treatment program, the trial court terminated appellant's community control and sentenced him to nine months in prison. Defense counsel objected, noting that appellant's violation of his community control was only for his failure to report and that such was a technical violation. The trial court responded that appellant "hasn't done anything. [He] was ordered to complete the CRC. He refuses to go into a residential treatment program. So I don't believe that it's technical at this point in time."

{¶ 12} The sentencing entry terminating appellant's community control and sentencing him to nine months in prison was journalized on July 23, 2020. The judgment entry further provided, "The violations are not technical violations as they include his refusal to participate in a residential substance abuse program and failing to report so the Probation department could monitor his behavior regarding his substance abuse."

{¶ 13} Appellant now appeals, raising two assignments of error.

{¶ 14} Assignment of Error No. 1:

{¶ 15} THE TRIAL COURT ERRED IN FINDING THAT FAILURE TO REPORT TO PROBATION IS NOT A TECHNICAL VIOLATION UNDER R.C. 2929.15(B)(1)(c)(i).

{¶ 16} Appellant argues that his failure to report to his probation officer "is the quintessential technical violation" and therefore, he could only be sentenced to 90 days in prison under R.C. 2929.15(B)(1)(c)(i).

{¶ 17} As with all felony sentences, we review the trial court's sentencing decision for a community control violation under the standard set forth by R.C. 2953.08(G)(2). *State v. Williams*, 12th Dist. Butler No. CA2020-01-009, 2020-Ohio-5228, ¶ 12. Pursuant to that statute, this court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Baker*, 12th Dist. Clermont No. CA2018-06-042, 2019-Ohio-2280, ¶ 17. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

{¶ 18} R.C. 2929.15(B)(1)(c) allows a trial court to impose a prison term if a defendant violates the conditions of his or her community control. However, a prison term for the violation of a community control sanction imposed for a fifth-degree felony may not exceed 90 days if the violation was either a "technical violation" or any "violation of law * * * that consists of a new criminal offense and that is not a felony[.]" R.C. 2929.15(B)(1)(c)(i).

{¶ 19} The Ohio Supreme Court recently addressed the distinction between technical and nontechnical violations of community control. *State v. Nelson*, Slip Opinion

- 5 -

No. 2020-Ohio-3690. The supreme court held that a violation is nontechnical if, after considering the totality of the circumstances, the violation concerns "a condition of community control that was 'specifically tailored to address' matters related to the defendant's misconduct or if it can be deemed a 'substantive rehabilitative requirement which addressed a significant factor contributing to' the defendant's misconduct." *Id.* at ¶ 26, quoting *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672, ¶ 17-18. On the other hand, a violation of community control is considered a technical violation "when the condition violated is akin to 'an administrative requirement facilitating community control supervision.'" *Id.*, quoting *Davis* at ¶ 18.

{¶ 20} "There is no single factor that determines whether a violation is technical or nontechnical." *Nelson* at ¶ 26. Rather, R.C. 2929.15(B)(1)(c) allows the trial court to use its discretion and "engage in a practical assessment of the case before it, i.e., to consider the nature of the community-control condition at issue and the manner in which it was violated, as well as any other relevant circumstances in the case." *Id.* As the supreme court noted, "a trial court may find a violation to be more serious – and therefore nontechnical – based in part on the *manner* in which the violation of the community-control condition occurred; it is not constrained to reviewing only the nature of the condition itself." (Emphasis sic.) *Id.* at ¶ 23.

{¶ 21} In a decision factually similar to this case, and cited by the supreme court in *Nelson*, the Eighth Appellate District held that a defendant's failure to report to her probation officer for over three months - from the time of her sentencing until she was arrested on a warrant - was a nontechnical violation of her community control. *State v. Neville*, 8th Dist. Cuyahoga No. 106885, 2019-Ohio-151, ¶ 48. The appellate court found that the defendant's failure to report at all for over three months constituted a failure to comply with any of the conditions imposed for her community control sanctions. *Id.* The court noted

that although the defendant's failure to report may have constituted a technical violation if it had happened only once after previously complying with her reporting requirements, the violation was nontechnical because the defendant had failed to report at all for over three months. *Id.*; *Nelson*, 2020-Ohio-3690 at ¶ 23.

{¶ 22} The First Appellate District reached a similar result in *State v. Kernall*, 1st Dist. Hamilton C-180613, 2019-Ohio-3070; and *State v. Martinez*, 1st Dist. Hamilton No. C-180580, 2019-Ohio-3350. In *Kernall*, the defendant failed to report to the probation department on two separate occasions, failed to show proof of employment verification, failed to report to the Court Clinic for a substance-abuse assessment, and picked up five new misdemeanor capiases. The trial court found that the culmination of violations constituted a nontechnical violation of the defendant's community control. The appellate court upheld the trial court's finding, stating, "While each of these violations alone would likely constitute either a technical violation or a violation of law that is not a felony, the cumulative effect of the violations amounts to a pattern of conduct that demonstrates a failure to comply with the community-control sanction as a whole." *Kernall* at ¶ 20.

{¶ 23} In *Martinez*, the defendant failed to notify the probation department of his new address, failed to report to the probation department on two separate occasions, picked up four new misdemeanor convictions, and failed to appear for court for one of those. *Martinez* at ¶ 3. The appellate court concluded that the trial court did not err in finding that the defendant had not committed a "technical violation" and noted:

> The overall pattern that [the defendant] established was that he was unwilling to cooperate with the requirements placed upon him by others in authority - not by police officers, not by probation officers, and not by courts. In summing up the matter, the trial court told him that "you're just, basically, ignoring the whole process." * * * [T]he trial court, in essence, concluded that "the cumulative effect of the violations amount[ed] to a pattern of conduct that demonstrate[d] a failure to comply with the community-control sanction as a whole." And the record amply

supports this conclusion.

*Id.* at ¶ 11.

{¶ 24} After considering the totality of the circumstances, we find that appellant's failure to report to his probation officer, as alleged in the June 4, 2020 affidavit of community control violation, was not a technical violation. As the foregoing cases highlight, if an offender engages in a pattern of conduct that demonstrates a failure to comply with the community control sanction as a whole, this is not a technical violation. *Kernall*, 2019-Ohio-3070 at ¶ 18; *State v. Eastman*, 2d Dist. Clark No. 2020-CA-5, 2021-Ohio-392, ¶ 21. The June 4 affidavit indicates that appellant failed to report and had no contact with the probation department for almost two months. This failure to report came on the heels of a pattern of conduct where appellant repeatedly failed to report to his probation officer and appear in court when ordered to do so. Appellant's pattern of conduct demonstrates a voluntary refusal to comply with the conditions of community control and thus a failure to comply with the community control sanction as a whole. As a result, appellant's Basic Sanction No. 6 violation for failing to report to his probation officer for close to two months was not a "technical violation" under R.C. 2929.15(B)(1)(c)(i). The General Assembly did not intend for individuals who never report to probation, manage to avoid coming into contact with the criminal justice for months or even years, or fail to engage in any of the conditions of community control to be considered "technical" violators." *Neville*, 2019-Ohio-151 at ¶ 47, 49; *Kernall* at ¶ 18; *Eastman* at ¶ 21.

{¶ 25} In light of the foregoing, we find that the trial court did not err in finding that appellant's violation was not a technical violation, and thus, that the 90-day prison term limitation of R.C. 2929.15(B)(1)(c)(i) was inapplicable. Furthermore, as referenced by the trial court, the record reflects that appellant also continually failed to engage in a substance abuse treatment program. Appellant's failure to engage in such a program was not a

technical violation as it was a "substantive rehabilitative requirement addressing a significant factor contributing to his criminal conduct." *Nelson*, 2020-Ohio-3690 at ¶ 26, quoting *Davis*, 2018-Ohio-2672 at ¶ 18. *See also State v. Starr*, 12th Dist. Clermont Nos. CA2018-09-065 and CA2018-09-066, 2019-Ohio-2081.

{¶ 26} Appellant's first assignment of error is overruled.

{¶ 27} Assignment of Error No. 2:

{¶ 28} THE TRIAL COURT VIOLATED APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS BY IMPOSING SENTENCE FOR A COMMUNITY CONTROL VIOLATION OF WHICH APPELLANT HAD NOT BEEN NOTIFIED AND TO WHICH HE HAD NOT ADMITTED.

{¶ 29} The June 4, 2020 affidavit of community control violation alleged that appellant failed to report to the probation department upon his release from jail on May 26, 2020, had had no contact with the probation department since April 10, 2020, and "failed to follow his probation officer's verbal or written instructions as evidenced by the other violations contained within this affidavit." The "other violations contained within this affidavit" allegation simply refers to appellant's failure to report on May 26, 2020. Nevertheless, during the sentencing hearing and in its sentencing entry the trial court relied upon appellant's failure to engage in a substance abuse treatment program in finding him in violation of his community control. Appellant argues that his due process rights were violated because the notice of community control violation filed by his probation officer on June 4, 2020, only alleged he had failed to report to the probation officer, not that he had failed to engage in a treatment program.

{¶ 30} Appellant avers, and the record indicates, that on June 16, 2020, appellant admitted to violating the terms of his community control as alleged in the June 4 affidavit of community control violation. While appellant provided us with the transcript of the July 22,

2020 sentencing hearing, he did not provide a transcript of the June 16, 2020 hearing. Nor did he provide a "statement of the evidence or proceedings" pursuant to App.R. 9(C) or an "agreed statement" of the record pursuant to App.R. 9(D).

{¶ 31} The duty to provide a transcript falls upon appellant because he bears the burden of showing error by reference to matters in the record. *State v. Gregory*, 12th Dist. Clinton No. CA2006-05-016, 2006-Ohio-7037, ¶ 3; App.R. 9. With no record of the June 16, 2020 hearing, we do not know what occurred at that hearing, including whether the June 4 affidavit of community control violation was orally amended, what community control conditions appellant admitted violating, and what else may have occurred that would justify the trial court's reference to appellant's failure to engage in a substance abuse treatment program in terminating appellant's community control. We, therefore, presume regularity in the proceedings and that the trial court had a proper basis for referencing appellant's failure to engage in a substance abuse treatment program when it found him in violation of the conditions of his community control. *See State v. Schreiber*, 12th Dist. Warren No. CA2018-03-026, 2019-Ohio-2963.

{¶ 32} Appellant's second assignment of error is overruled.

{¶ 33} Judgment affirmed.

PIPER, P.J. and HENDRICKSON, J., concur.