[Cite as *State v. Covington*, 2021-Ohio-2983.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-10-103 |
| | : | O P I N I O N |
| - vs - | | 8/30/2021 |
| | : | |
| NATHANIEL COVINGTON AKA AAMIR MAHDEE, | : | |
| | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2019-07-1125

Michael T. Gmoser, Butler County Prosecuting Attorney, and John Heinkel, Assistant Prosecuting Attorney, for appellee.

Jon R. Sinclair, for appellant.

**BYRNE, J.**

{¶ 1}   Nathaniel Covington, a.k.a. Aamir Mahdee, appeals an entry of the Butler County Court of Common Pleas finding that he violated his community control, revoking his community control, and sentencing him to an aggregate prison term of 12 months.  For the following reasons we overrule Covington's sole assignment of error and affirm the trial court's judgment.

Indictment, Plea and Sentence to Community Control

{¶ 2} In July 2019, a Butler County grand jury indicted Covington on three counts of unlawful sexual conduct with a minor, six counts of pandering sexually-oriented matter involving a minor, one count of illegal use of a minor in nudity-oriented material or performance, and one count of interference with custody. The indictments were based on allegations that Covington – 20 years old at the time of the incidents – engaged in sexual conduct with a 14-year-old victim and recorded the offenses on video.

{¶ 3} Covington subsequently pleaded guilty to one misdemeanor count of unlawful sexual conduct with a minor and one count of interference with custody, a felony of the fifth degree. In return, the state agreed to dismiss the remaining counts.

{¶ 4} On December 2, 2019, the trial court sentenced Covington to five years of community control. The sentencing entry indicated that Covington would be subject to the general supervision and control of the Butler County Adult Probation Department ("BCAPD") under any terms and conditions that the BCAPD deemed appropriate. The sentencing entry also ordered the following sanctions and conditions: (1) one year of intensive supervision, (2) four years of basic supervision, (3) drug and alcohol usage monitoring, (4) a requirement that Covington pay $25 per month for supervision fees, (5) a requirement that Covington obtain/maintain full-time employment or complete 40 hours of community service per week until employed, (6) a requirement that Covington complete a mental health assessment and follow all recommended treatment, (7) a prohibition on Covington frequenting bars or using drugs or alcohol, (8) a requirement that Covington pay $50 per month toward "financial obligations," and (9) "zero tolerance." Because Covington's counsel informed the court that Covington resided in Louisville, Kentucky, the sentencing entry also provided that Covington's probation supervision "may be transferred to Louisville, Kentucky if accepted."

{¶ 5} At the sentencing hearing, the court emphasized that there would be zero tolerance for any violations of community control. The court warned and advised Covington, both at the sentencing hearing and in the sentencing entry, that a violation of community control would result in the court imposing a sentence of 180 days on the misdemeanor count and 12 months on the felony count to which he had pleaded guilty.

## Postsentence Conduct

{¶ 6} Two days after sentencing, the BCAPD filed a document titled "General Conditions of Supervision." The document described in detail the various terms of Covington's community control. Those terms included Rule 2, which required Covington to "always keep my supervising officer informed of my residence and place of employment." The document was signed by Covington and his probation officer.

{¶ 7} Two months later, in February 2020, the BCAPD filed a report and notice of a violation. The notice alleged that Covington was supposed to have reported to the Kentucky probation authorities but had failed to do so. The notice further alleged that Covington's whereabouts were unknown. The court issued a capias warrant for Covington's arrest for the alleged community control violation.

{¶ 8} Approximately seven months later, in September 2020, Covington was arrested on the capias. BCAPD then filed an amended notice of violation. BCAPD alleged that Covington had absconded in February 2020 and that his whereabouts were unknown to BCAPD until he was booked into the Butler County Jail in September 2020. BCAPD requested the court hold a hearing to determine if Covington had violated the conditions of his community control.

## Probation Violation Hearing

{¶ 9} Covington subsequently appeared before the trial court for a probation violation hearing. The court reviewed its report on Covington's probation status. The report

indicated that attempts had been made to transfer Covington's probation to Kentucky but those attempts were unsuccessful. The first attempt was denied because Covington wanted to reside in a hotel. Afterwards, Covington reported back to BCAPD. A second attempt was then made to transfer probation to Kentucky and Covington provided a residential address in Louisville, Kentucky. However, when Kentucky probation authorities went to that address, Covington was not there and the individual at the residence did not know Covington and stated that Covington did not reside at that address.

{¶ 10} Covington admitted failing to report to probation. His attorney explained that he had been incarcerated in Kentucky for a separate probation violation, but that after he was released there was a travel ban due to the pandemic. Covington claimed that he was "confused" because of the pandemic and what his obligations were with respect to transferring probation from Ohio to Kentucky. However, he conceded that he was in fact arrested on the capias warrant in Cheviot, Ohio – that is, he had traveled back to Ohio. While the record does not include dates regarding some of the events described above, it is undisputed that Covington made no effort whatsoever to report to any probation officer, let alone inform any probation officer of his residence and place of employment, from February to September 2020.

{¶ 11} The trial court found that Covington had absconded and had violated community control. The court further found that the violation was nontechnical. The court sentenced Covington to 180 days on count one (the misdemeanor) and 12 months of incarceration on count two (the fifth-degree felony), to be served concurrently. Covington appeals, raising a single assignment of error:

{¶ 12} THE TRIAL COURT COMMITTED PLAIN ERROR IN SENTENCING APPELLANT TO PRISON IN EXCESS OF 90 DAYS ON A FIFTH DEGREE FELONY FOR A TECHNICAL VIOLATION OF HIS COMMUNITY CONTROL, IN VIOLATION OF R.C.

2929.15(B)(1)(C)(I).

{¶ 13} Covington contends that he only failed to transfer probation to Kentucky and that this his actions did not constitute a "pattern of conduct" or a "continual absconding" that could be construed as a nontechnical violation of the terms of his community control. Therefore, he argues that he could only be sentenced up to 90 days in prison under R.C. 2929.15(B)(1)(c)(i), not the longer period to which he was sentenced.

{¶ 14} We review the trial court's sentencing decision for a community control violation under the standard set forth by R.C. 2953.08(G)(2). *State v. Williams*, 12th Dist. Butler No. CA2020-01-009, 2020-Ohio-5228, ¶ 12. Under that statute, this court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Baker*, 12th Dist. Clermont No. CA2018-06-042, 2019-Ohio-2280, ¶ 17.

### Technical or Nontechnical Violation?

{¶ 15} The Revised Code allows a trial court to impose a prison term if a defendant violates the conditions of his or her community control. R.C. 2929.15(B)(1)(c). However, a prison term for the violation of a community control sanction imposed for a fifth-degree felony may not exceed 90 days if the violation was a "technical violation." R.C. 2929.15(B)(1)(c)(i).

{¶ 16} At the time of Covington's sentencing and probation violation hearing, the Revised Code did not define "technical violation."[1] The Ohio Supreme Court addressed the distinction between technical and nontechnical violations of community control in *State*

---

1. The General Assembly amended R.C. 2929.15, effective April 12, 2021, adding a definition of "technical violation." Because R.C. 2929.15 had not been amended at the time of the sentencing and violation hearing, we apply the law as it existed before the amendment.

*v. Nelson*, 162 Ohio St.3d 338, 2020-Ohio-3690. The court held that a violation is nontechnical if, after considering the totality of the circumstances, the violation concerns "a condition of community control that was 'specifically tailored to address' matters related to the defendant's misconduct or if it can be deemed a 'substantive rehabilitative requirement which addressed a significant factor contributing to' the defendant's misconduct." *Id.* at ¶ 26, quoting *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672, ¶ 17-18. On the other hand, a violation of community control is considered a technical violation "when the condition violated is akin to 'an administrative requirement facilitating community control supervision.'" *Id.*, quoting *Davis* at ¶ 18.

{¶ 17} "There is no single factor that determines whether a violation is technical or nontechnical." *Id.* Rather, R.C. 2929.15(B)(1)(c) allows the trial court to use its discretion and "engage in a practical assessment of the case before it, i.e., to consider the nature of the community-control condition at issue and the manner in which it was violated, as well as any other relevant circumstances in the case." *Id.* As the court noted, "a trial court may find a violation to be more serious – and therefore nontechnical – based in part on the *manner* in which the violation of the community-control condition occurred; it is not constrained to reviewing only the nature of the condition itself." (Emphasis sic.) *Id.* at ¶ 23.

{¶ 18} In *Smith*, we found a nontechnical violation where the defendant had failed to report to the probation department for nearly two months and had repeatedly failed to report to his probation officer and appear in court when ordered to do so. 2021-Ohio-630 at ¶ 24. We held that the defendant's pattern of conduct demonstrated a "voluntary refusal to comply with the conditions of community control and thus a failure to comply with the community control sanction as a whole." *Id.*

{¶ 19} In *Smith*, we noted a decision of the Eighth Appellate District, which had held that a defendant's failure to report to her probation officer for over three months – from the

time of her sentencing until she was arrested on a warrant – was a nontechnical violation of her community control. *State v. Neville*, 8th Dist. Cuyahoga No. 106885, 2019-Ohio-151, ¶ 47, 49. We additionally cited *State v. Martinez*, 1st Dist. Hamilton No. C-180580, 2019-Ohio-3350, another case involving failure to report to probation, where the appellate court observed that "[t]he overall pattern that [the defendant] established was that he was unwilling to cooperate with the requirements placed upon him by others in authority* * *." *Id*. at ¶ 11.

{¶ 20} In *State v. Calhoun*, 6th Dist. Wood No. WD-17-067, 2019-Ohio-228, ¶ 33, the Sixth District Court of Appeals held that willfully absconding from community control supervision was a nontechnical violation for purposes of R.C. 2929.15(B)(1)(c)(i). There, the defendant had absconded by failing to report to his probation officer in another state within a month of being sentenced. *Id*. at ¶ 5. The court noted that defendant had gone to "significant lengths to elude supervision" by his out-of-state probation department. *Id*. at ¶ 32.

{¶ 21} Upon review, we find that Covington's absconding constituted a nontechnical violation of his community control sanctions. After his initial attempts to transfer probation to Kentucky failed, Covington effectively disappeared for at least seven months, making no attempts to contact BCAPD or the Kentucky probation authority and advise either of them as to his status and location.[2] This was "a voluntary refusal to comply with the conditions of community control and thus a failure to comply with the community control sanction as a whole." *Smith* at ¶ 24. Moreover, Covington clearly violated a condition of community control specifically tailored to address his misconduct, i.e., he entirely failed to submit to

---

2. There is some indication in the record that Covington may have actually absconded for even longer. However, we have focused on the seven-month figure because it is clear in the record that Covington absconded for at least that long.

community control supervision for at least seven months. *Nelson*, 2020-Ohio-3690, ¶ 26. Therefore, the trial court's decision to impose a sentence in excess of 90 days was not contrary to law. R.C. 2929.15(B)(1)(c). We therefore overrule Covington's sole assignment of error.

{¶ 22} Judgment affirmed.

PIPER, P.J., and S. POWELL, J., concur.