[Cite as *State v. Hawkey*, 2025-Ohio-73.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY


STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  CASE NO. 10-24-02

  v.

CHARLES R. HAWKEY,

    O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Mercer County Common Pleas Court
Trial Court No. 23-CRM-150

Judgment Affirmed

Date of Decision:  January 13, 2025


APPEARANCES:

    *Christopher Bazeley* **for Appellant**

    *Erin M. Minor* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Charles Hawkey ("Hawkey") brings this appeal from the judgment of the Court of Common Pleas of Mercer County sentencing him for his conviction of one count of aggravated possession of drugs. Hawkey claims on appeal that the trial court erred by failing to properly impose Post Release Control ("PRC"). For the reasons set forth below, the judgment is affirmed.

{¶2} On March 18, 2024, Hawkey entered a guilty plea to one count of aggravated possession of drugs in violation of R.C. 2924.11(A)(C)(1)(c), a felony of the second degree. The trial court held a sentencing hearing on April 26, 2024. At that time, the trial court imposed a prison term of five to seven and one-half years. The trial court also imposed a term of PRC of 18 months to three years. At the hearing, the trial court advised Hawkey as follows regarding PRC.

> So your [PRC] is mandatory. It's up to 3 years, 18 months of which, or 1 and a half years is mandatory, and the Court so finds.
>
> If – so that means that when you come out of prison, whenever this is, whether it's the completion of a mandatory term, or after any serving of the Reagan Tokes, again, you're presumed not to have to serve, then you will be placed under [PRC] for a period of up to 3 years. A year and a half, or 18 months of that is mandatory. During that time frame, you have to follow the rules and regulations of the prison system. If you fail to do that, you can be returned to prison for up to half the sentence you received and in 9-month increments. And any new felony that you commit while under [PRC], the sentence for that can include a sentence consecutive to that sentence for the new felony of the greater of 12 months, or however much time you had left under [PRC].

Tr. 18-19. In its judgment entry, the trial court noted the following:

> The Court informed the Defendant that upon release from prison, the Defendant shall be required to serve a mandatory term of [PRC] of up to Three (3) years with a minimum of Eighteen (18) months. If Defendant violates [PRC], the Parole Board may increase the duration of the [PRC], impose more restrictive [PRC] sanctions, and/or impose a prison term of up to nine months for each violation, up to a maximum of 50% of the stated prison term or stated minimum prison term imposed by the Court. If Defendant commits a new felony while on post-release control, in accordance with R.C. 2929.141, the sentencing court in the new felony case may impose a prison term for the [PRC] violation of the period remaining on [PRC] or twelve months, whichever is greater, consecutively to the prison term for the new felony.

Sentencing Judgment Entry at 4. Hawkey appealed from this judgment and raises the following assignment of error on appeal.

**The trial court failed to properly impose PRC.**

{¶3} In his sole assignment of error, Hawkey argues that the trial court erred by not advising him that the Adult Probation Authority ("the APA") would administer his PRC pursuant to R.C. 2967.28. Although the trial court did not orally notify Hawkey that the APA would be monitoring his PRC, the judgment entry did so when it notified Hawkey of what the APA would do if he violated PRC. Thus, the question before us is whether the trial court erred by not verbally notifying Hawkey of this fact.

{¶4} This Court has previously addressed this issue and determined that the trial court was not required to provide such notification. *State v. Cass*, 2024-Ohio-

2614 (3d Dist.). The statute sets forth the following notification requirements regarding PRC for a felony of the second degree.

> (d) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced, other than to a sentence of life imprisonment, for a felony of the first degree or second degree, for a felony sex offense, or for a felony of the third degree that is an offense of violence and is not a felony sex offense. This division applies with respect to all prison terms imposed for an offense of a type described in this division, including a non-life felony indefinite prison term and including a term imposed for any offense of a type described in this division that is a risk reduction sentence, as defined in section 2967.28 of the Revised Code. If a court imposes a sentence including a prison term of a type described in division (B)(2)(d) of this section on or after July 11, 2006, the failure of a court to notify the offender pursuant to division (B)(2)(d) of this section that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include in the judgment of conviction entered on the journal a statement to that effect does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under division (B) of section 2967.28 of the Revised Code. Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in division (B)(2)(d) of this section and failed to notify the offender pursuant to division (B)(2)(d) of this section regarding post-release control or to include in the judgment of conviction entered on the journal or in the sentence a statement regarding post-release control.

R.C. 2929.19(B)(2)(d). Pursuant to the statute, the trial court must advise a defendant of 1) the term of PRC supervision, 2) whether it is discretionary or mandatory, and 3) the potential consequences of violating PRC at the sentencing hearing. *State v. Bates,* 2022-Ohio-475, ¶ 11.

{¶5} In *Cass*, the defendant claimed that the trial court erred by not orally advising him that 1) the APA would be supervising his PRC, 2) he could be subject to sanctions outside of imprisonment, and 3) the sentence imposed for violation of PRC could be consecutive to a new felony. *Cass* at ¶ 30. This Court held that the statute did not require those notifications. *Id*. *See also State v. Gordon,* 2018-Ohio-1975 (a trial court does not err in not providing more thorough notifications than are required by statute) and *State v. Demangone*, 2023-Ohio-2522 (12th Dist.) (the legislature could have added additional notification requirements if it intended for them to be required). As there is no requirement to orally notify a defendant that PRC is supervised by the APA, the trial court does not err in failing to do so. The assignment of error is overruled.

{¶6} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Mercer County is affirmed.

*Judgment Affirmed*

**WALDICK, P.J. and ZIMMERMAN, J., concur.**

**/hls**