OPINION
{¶ 1} Joseph R. Cole appeals from the judgment of the Lake County Common Pleas Court denying his motion for relief from judgment. We affirm.
 {¶ 2} Cole was indicted on one count of gross sexual imposition, one count of importuning, and one count of burglary. He was tried before a jury and convicted on the gross sexual imposition count. On August 23, 2003, the trial court sentenced Cole to serve one year in prison and ordered that he pay costs.
 {¶ 3} On October 24, 2003, Cole moved to vacate the order requiring that he pay costs, arguing he was indigent. The trial court denied Cole's motion.
 {¶ 4} On February 17, 2004, Cole again moved to vacate the order requiring that he pay costs. The state filed a response on March 1, 2004. The trial court again denied Cole's motion by entry filed March 12, 2004. On March 15, 2004, Cole filed a reply to the state's brief in opposition.
 {¶ 5} On March 22, 2004, Cole moved for relief from the March 12, 2004 order. In support of his motion, Cole argued he had mistakenly or inadvertently referenced the wrong statute in his February 17, 2004 motion and had corrected this mistake in his reply filed after the trial court denied his motion. The trial court denied Cole's motion for relief from judgment on two grounds: (1) Cole had failed to file his reply brief within the five days permitted by Loc.R. III(D)(4) of the Lake County Common Pleas Court, and (2) the statutes cited in Cole's reply brief did not require the court to waive costs for indigent defendants.
 {¶ 6} Cole timely appeals the trial court's order denying his motion for relief from judgment raising one assignment of error:
 {¶ 7} "The court below erred in denying appellant's motion for relief from judgment and the local rule of court which the trial court used to deny said motion is unconstitutional as it violates due process and inhibits meaningful access to the courts."
 {¶ 8} We first note Cole failed to raise the issue of the constitutionality of Loc.R. III(D)(4) at the trial court level; therefore, he has waived this argument.[1] Cole fails to present any argument, save for his constitutional argument, to support his contention the trial court erred in denying his motion for relief from judgment. Thus, we need not address the merits of this contention.[2]
 {¶ 9} While Cole does not directly challenge the trial court's decision denying his motion to vacate costs, we address it in the interest of justice.
 {¶ 10} This court has held that a trial court is not required to waive costs for an indigent defendant.[3] The Ohio Supreme Court recently reached the same conclusion in State v. White.[4] Thus, the trial court did not err in denying appellant's motion to vacate costs.
 {¶ 11} For the foregoing reasons the judgment of the Lake County Court of Common Pleas is affirmed.
Ford, P.J., Grendell, J., concur.
[1] State v. Awan (1986), 22 Ohio St.3d 120, 123.
[2] App.R. 16(A)(7); Hawkins v. Anchors, 11th Dist. Nos. 2002-P-0098, 2002-P-0101, 2002-P-0102, 2004-Ohio-3341, ¶ 58-61.
[3] See, e.g., State v. Hall, 11th Dist. No. 2001-L-230, 2004-Ohio-3186, ¶ 51-58.
[4] 103 Ohio St.3d 580, 2004-Ohio-5989, at paragraph one of the syllabus.