[Cite as *State v. Reese*, 2021-Ohio-1407.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,            :

                                  No. 109911

v.                                          :

TERRANCE REESE,                             :

    Defendant-Appellant.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 22, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-637440-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Eben McNair, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Erika B. Cunliffe, Assistant Public Defender, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} Appellant, Terrance Reese ("Reese") appeals his sentence to 15 months in prison for violation of community control sanctions after he failed to call

his probation officer weekly as mandated.  After reviewing the pertinent law and facts of the case, we affirm the sentence.

## I.    Facts and Procedural History

{¶ 2}    Reese served six years in prison after pleading guilty to a four-count indictment in 2008 for aggravated robbery with a firearm specification, aggravated burglary, and kidnapping.  Upon his release from prison, he was placed on five years of postrelease control.  While on postrelease control, a capias was issued for his arrest after Reese failed to check in with his parole officer in December 2018.  Reese was arrested and charged with four counts of escape.

{¶ 3}    On December 9, 2019, Reese entered a guilty plea to one count of escape based on his failure to contact his parole officer, a violation of R.C. 2921.34(A)(3), a felony of the fourth degree.  The remaining counts were dismissed.   On January 22, 2020, the trial court sentenced Reese to one year of community control sanctions.  Under this sentence he was required to complete the Thinking for a Change Community-Based Correctional Facility ("CBCF") program and contact his probation officer as mandated.

{¶ 4}    Reese completed the CBCF program on June 2, 2020.  He contacted his probation officer once, on June 10, 2020.  In that call, Reese's probation officer instructed Reese to contact her by telephone every week.  After five weeks of not calling or checking-in with his probation officer, a capias was issued for Reese's arrest on July 17, 2020.  Reese was arrested, and the trial court sentenced him to 15

months in prison for violating his community control sanctions. This appeal followed.

## II. Law and Argument

**{¶ 5}** Reese raises one assignment of error for our review. Reese argues that failing to call his probation officer is a technical violation and, thus, is subject to R.C. 2929.15's 180-day sentencing cap. We disagree.

**{¶ 6}** The interpretation of a statute is a question of law that is reviewed de novo. *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9. When interpreting a statute, a court's main objective is to determine and give effect to the legislature's intent. *State ex rel. Solomon v. Bd. of Trustees of the Police & Firemen's Disability & Pension Fund*, 72 Ohio St.3d 62, 65, 647 N.E.2d 486 (1995).

**{¶ 7}** R.C. 2929.15 states:

(B)(1) If the conditions of a community control sanction are violated * * * the sentencing court may impose upon the violator one or more of the following penalties:

* * *

(c) A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section, provided that a prison term imposed under this division is subject to the following limitations, as applicable:

* * *

(ii) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense * * * the prison term shall not exceed one hundred eighty days.

**{¶ 8}** The term "technical violation" is not defined in R.C. 2929.15. "In the absence of a definition of a word or phrase used in a statute, words are to be given their common, ordinary, and accepted meaning." *State v. Black*, 142 Ohio St.3d 332, 2015-Ohio-513, 30 N.E.3d 918, ¶ 39. In addition, our review is guided by prior decisions of this court and the Ohio Supreme Court.

**{¶ 9}** In *State v. Nelson*, Slip Opinion No. 2020-Ohio-3690, the Ohio Supreme Court considered whether a violation of community control sanctions was a technical violation where the act in question was noncriminal in nature. In *Nelson,* the appellant was sentenced to 34 months in prison for violating his community control sanctions. *Id.* at ¶ 3. Nelson's probation officer instructed him not to have contact with a certain individual after an incident where Nelson had been drinking with the person and was later involved in a dispute with a neighbor involving a knife. *Id.* at ¶ 31. His probation officer instructed him not have contact with the individual because she was a bad influence on him and could lead him to violate his community control sanctions. *Id.* Nelson, nevertheless, contacted the individual. He argued that this violation was technical and subject to the statutory sentencing cap. *Id.* at ¶ 10.

**{¶ 10}** In giving the term "technical violation" it's plain and ordinary meaning, the Ohio Supreme Court "observe[d] that prominent legal dictionaries define 'technical' as immaterial and not substantive. For example, *Black's Law Dictionary* defines 'technical' as '[i]mmaterial, not affecting substantial rights,

without substance.'" *Nelson* at ¶ 18, quoting *Black's Law Dictionary* 1463 (6th Ed.1990).

{¶ 11} The Ohio Supreme Court held that a violation is nontechnical when, under the totality of the circumstances, the community control sanction "was 'specifically tailored to address' matters related to the defendant's misconduct or if it can be deemed a 'substantive rehabilitative requirement which addressed a significant factor contributing to' the defendant's misconduct." *Nelson* at ¶ 26, quoting *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672, ¶ 18. In contrast, a technical violation is akin to an "administrative requirement facilitating community control supervision." *Nelson* at ¶ 26. The court rejected the notion that any violation of a community control sanction that is noncriminal is merely a technical violation. *Id.* at ¶ 20. The court went on to say that no single factor determines whether a violation is technical or nontechnical but that "the statute allows the trial court to engage in a practical assessment of the case before it, i.e., to consider the nature of the community-control condition at issue and the manner in which it was violated, as well as any other relevant circumstances in the case." *Id.* at ¶ 26.

{¶ 12} While the Ohio Supreme Court did not specifically address whether failure to contact a probation officer was a nontechnical violation, in its analysis, the court repeatedly cited to this court's decision in *State v. Neville*, 2019-Ohio-151, 128 N.E.3d 937 (8th Dist.), which did revolve around a failure to report.

{¶ 13} In *Neville*, the appellant argued that the trial court erred when it sentenced her to 12 months in prison after she failed to report to her probation officer. *Id.* at ¶ 12. Much like the case at bar, Neville argued that failure to report to her probation officer was a technical violation and thus was subject to the sentencing caps in R.C. 2929.15. *Id.* This court found that, by failing to report to her probation officer for over three months, Neville violated her community control sanctions in a way that was not merely a technical violation. Consequently, the trial court was not constrained by the sentencing caps in R.C. 2929.15. *Id.* at ¶ 48. The *Neville* court recognized that "[f]ailing to report one time after previously reporting may be a technical violation — depending on all of the other factors of that individual case." *Id.* at ¶ 48.

{¶ 14} Here, Reese contacted his probation officer one time via phone call. During the call he was told to call his probation officer each week. Over the course of the next five weeks, Reese did not call or check-in with his probation officer.

{¶ 15} The reason Reese was placed on community control in January 2020 was because he failed to report to his parole officer in 2018 after being released from prison and placed on postrelease control. Under these circumstances, we conclude that the requirement that Reese contact his probation officer once each week was more than an administrative requirement; it was a substantive rehabilitative requirement. Moreover, following the teaching of *Neville*, while missing one call might not rise to the level of a nontechnical violation, failing to place a phone call for five consecutive weeks is more than a technical violation.

{¶ 16} We find that Reese's violation was not technical and, therefore, not subject to R.C. 2929.15's sentencing caps. Reese's sole assignment of error is without merit.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LISA B. FORBES, JUDGE

ANITA LASTER MAYS, P.J., and
EILEEN A. GALLAGHER, J., CONCUR