[Cite as *State v. Duckett*, 2021-Ohio-3110.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO,                    :
                                  :      Case No. 20CA3924
    Plaintiff-Appellee,         :
                                  :
v.                                :      <u>DECISION AND JUDGMENT</u>
                                  :      <u>ENTRY</u>
JOSEPH W. DUCKETT,                :
                                  :      **RELEASED: 09/03/2021**
    Defendant-Appellant.        :

_____

<u>APPEARANCES:</u>

R. Jessica Manungo, Assistant State Public Defender, Office of the Ohio Public Defender, Columbus, Ohio, for Appellant.

Shane A. Tieman, Scioto County Prosecuting Attorney, and Jay S. Willis, Assistant Scioto County Prosecutor, Portsmouth, Ohio, for Appellee.

_____

Wilkin, J.

{¶1} Appellant, Joseph W. Duckett, appeals the Scioto County Court of Common Pleas judgment entry revoking his community-control sanction. The trial court imposed the agreed prison term of 24 months. Duckett appeals challenging the recommended joint sentence and the special project fees included as court costs in his case.

{¶2} In the first assignment of error, Duckett maintains his counsel was ineffective for agreeing to the unauthorized sentence because his community-control violations were technical in nature. According to Duckett, since the violations were technical in nature, the maximum prison term that could be imposed for the violations was 180 days. We disagree and find that Duckett's three violations were nontechnical and the 180-day cap does not apply.

Duckett's jointly recommended sentence was authorized by law and pursuant to R.C. 2953.08(D)(1) is not reviewable on appeal.

{¶3} In the second assignment of error, Duckett disputes 14 special project fees that were charged and included in the itemized bill statement generated by the Scioto County Clerk of Courts. Each fee was for $5. Duckett claims the clerk could only assess a one-time special project fee of $25 based on Scioto County Court of Common Pleas Local Rule 13. We sustain Duckett's assignment of error but on the basis that the clerk of courts could not assess any special project fee pursuant to the unambiguous language in R.C. 2303.20. Moreover, Local Rule 13 does not create a new charge for a special project fund. Rather, it indicates that $25 of the fees deposited in a civil action "shall be deposited in the Special Project Fund." Loc.R. 13, of the Court of Common Pleas of Scioto County, General Division. Therefore, the trial court committed plain error by charging Duckett an additional $70 in court costs.

FACTS AND PROCEDURAL BACKGROUND

{¶4} In April 2016, Duckett pleaded guilty to two counts of aggravated trafficking in drugs and one count of trafficking in heroin. The trial court imposed a five-year community-control sanction and included conditions tailored to address Duckett's substance abuse issues. Among those conditions was the requirement to enroll and successfully complete the Star Program, complete a drug/alcohol assessment by the Adult Probation Department, and not consume any alcohol and non-prescribed drugs. Duckett at that time was advised that a

violation of his community-control conditions could lead to more restrictive terms, a longer sanction or a stated prison term of 48 months.

{¶5} Less than three years into his community-control sentence, Duckett tested positive for methamphetamine. Duckett admitted to the violation in April 2019. The trial court continued Duckett's community-control sanction but added further conditions, including but not limited to: successfully completing the Scioto County Court of Common Pleas Treatment Program with the Adult Probation Department, completing another drug/alcohol assessment, and abiding by all the rules and regulations of the probation department.

{¶6} In January and February 2020, Duckett was again accused of violating his community-control conditions by failing to report to the probation department from December 9, 2019 to February 16, 2021, failing to call the I-Samson drug testing center, and for failing to report to the department for I-Samson drug testing. At the revocation hearing, Duckett admitted to all three violations. Duckett informed the trial court that he understood it was to proceed directly to sentencing.

{¶7} The trial court then carried on by first clarifying that: "I understand the parties will be jointly recommending disposition in this matter of 24 months, with credit for the time that he's served both in jail and at Star[.]" Duckett, his counsel and the state verified the trial court's understanding of the recommended sentence. Secondly, the trial court advised Duckett that if it adopted the jointly recommended sentence, he waives the right to appeal it. Duckett indicated that he understood.

**{¶8}** Duckett explained to the trial court that he violated his community-control sanction because his significant other had a medical emergency and was transported to Columbus. After a few days, Duckett realized he failed to report to the probation department, and panicked for fear of being sent to prison. Duckett apologized for his behavior.

**{¶9}** The trial court revoked Duckett's community-control sanction and imposed the jointly recommended sentence. Specifically, the trial court as to Count One, sentenced Duckett "to a 12 month term in the custody Ohio Department of Rehabilitation and Corrections, as to Count 2, to a 12 month term, and as to Count 3, a 12 month term." Counts One and Two were ordered to be served consecutively while Count Three concurrently. Duckett was granted jail-time credit of 199 days as stipulated by the parties.

ASSIGNMENTS OF ERROR

I.   JOSEPH DUCKETT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN DEFENSE COUNSEL JOINTLY RECOMMENDED A SENTENCE THAT WAS NOT AUTHORIZED BY LAW.

II.  THE TRIAL COURT PLAINLY ERRED BY ASSESSING UNAUTHORIZED COURT COSTS IN THE FORM OF SPECIAL PROJECT FEES.

ASSIGNMENT OF ERROR I

**{¶10}** Under this assignment of error, Duckett is appealing his jointly recommended sentence, which he acknowledges is not reviewable on appeal if it is authorized by law. Thus, Duckett agrees that the threshold issue is whether his community-control violations were technical and thus capped pursuant to R.C. 2929.15(B)(1)(c)(ii) to 180 days in prison, or whether they were

nontechnical in nature permitting the trial court to impose the 24-month prison term.

{¶11} Duckett avers his violations were technical in nature because his failure to report and call-in were conditions aimed to facilitate his supervision by the probation department. Duckett completed all the treatment programs and conditions specifically tailored to address his substance abuse issues, and the remaining conditions were routine and administrative. In addition, his failure to report was not for an unreasonable amount of time. Therefore, Duckett maintains that his counsel's performance to jointly recommend the 24-month prison sentence was not a strategic judgment. To the contrary, it demonstrates counsel's lack of familiarity with the law that resulted in a prison term not authorized by law.

{¶12} The state in response asserts that Duckett's sentence is authorized by law and Duckett's counsel's recommendation of the joint sentence did not fall below an objective standard of reasonable representation; thus, the sentence is not reviewable by this court. In line with its argument that the sentence is authorized by law, the state claims Duckett's violations are nontechnical. Duckett abandoned the objectives of his community-control sentence by failing to report to the probation department as required by their rules, failing to call the drug testing system, and failing to report for drug testing. All these conditions were tailored to address matters related to Duckett's drug offenses and "substantive rehabilitative requirements."

Law and Analysis

{¶13} R.C. 2953.08(D)(1) specifies that a "sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."  Duckett maintains that this court may review his jointly recommended sentence because his counsel was ineffective for recommending the joint sentence given that it is not authorized by law.

{¶14} To demonstrate ineffective assistance of counsel, Duckett "must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different."  *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1988), paragraph two of the syllabus.  Failure to demonstrate either prong of this test "is fatal to the claim."  *State v. Jones,* 4th Dist. Scioto No. 06CA3116, 2008-Ohio-968, ¶ 14, citing *Strickland*.

{¶15} Duckett "has the burden of proof because in Ohio, a properly licensed attorney is presumed competent."  *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62, citing *State v. Calhoun*, 86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905, ¶ 62, citing *Vaughn v. Maxwell*, 2 Ohio St.2d 299, 209 N.E.2d 164 (1965).  "In order to overcome this presumption, the

petitioner must submit sufficient operative facts or evidentiary documents that demonstrate that the petitioner was prejudiced by the ineffective assistance." *Id.*, citing *State v. Davis*, 133 Ohio App.3d 511, 516, 728 N.E.2d 1111 (8th Dist.1999). To demonstrate prejudice, Duckett "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶16} "A sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, paragraph two of the syllabus. Duckett was convicted of two fourth-degree felonies and one fifth-degree felony offense and sentenced to community control. Pursuant to R.C. 2929.15(B)(1)(c)(i) and (ii), the trial court may impose a prison term if Duckett violates his community-control sentence but "[i]f the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree, the prison term shall not exceed ninety days" or exceed "one hundred eighty days" for fourth-degree felonies. The trial court sentenced Duckett to the agreed 24-month prison term with the presumption that his three violations were nontechnical and the 180-day cap for his most serious felonies did not apply.

{¶17} The term technical is not statutorily defined but the Supreme Court recently provided guidance in two decisions: *State v. Nelson*, 162 Ohio St.3d 338, 2020-Ohio-3690, 165 N.E.3d 1110, and *State v. Castner*, 163 Ohio St.3d

19, 2020-Ohio-4950,167 N.E.3d 939.  In *Nelson* the Court affirmed his sentence

concluding "Nelson's violation of the condition that he obey all orders of his

supervising officer was not a 'technical violation' and therefore the 180-day cap

on a prison sentence for a 'technical violation' in R.C. 2929.15(B)(1)(c)(ii) does

not apply."  *Nelson* at ¶ 1.  In reaching that finding, the Supreme Court held that

> the determination whether a violation is a "technical violation" under
> R.C. 2929.15(B)(1)(c) does not turn on whether the conduct at
> issue is criminal. As *Davis* indicated, a violation is "nontechnical" if,
> considering the totality of the circumstances, the violation concerns
> a condition of community control that was "specifically tailored to
> address" matters related to the defendant's misconduct or if it can
> be deemed a "substantive rehabilitative requirement which
> addressed a significant factor contributing to" the defendant's
> misconduct. *Davis*, 2018-Ohio-2672, at ¶ 17 * * *. On the other
> hand, a violation is "technical" when the condition violated is akin to
> "an administrative requirement facilitating community control
> supervision." *Davis* at ¶ 18[.]

*Nelson* at ¶ 26.

{¶18} A trial court on a case-by-case basis should consider "the nature of

the community-control condition at issue and the manner in which it was violated,

as well as any other relevant circumstances in the case."  *Id*.  Applying *Nelson*,

the Supreme Court held Castner's violations were nontechnical in nature

because the conditions to complete the Alvis House and Re-Entry Court

programs "were specifically tailored to address Castner's drug use and were

aimed at reducing his likelihood of recidivism."  *Castner* at ¶ 16.

{¶19} Similarly here, Duckett violated three community-control conditions

that were tailored specifically to address his substance abuse issues.  Duckett

was convicted of three drug-related offenses.  He previously violated his

community-control sanction in March 2019, by testing positive for

methamphetamine.  The trial court did not revoke his community control at that time, but imposed more restrictive conditions including abiding by all the rules and regulations of the probation department.  Among these rules, Duckett was to regularly report to his probation officer, keep contact with the I-Samson drug testing system, and report to I-Samson for drug testing.  But Duckett failed to abide by these conditions for over two months.

{¶20} Maintaining sobriety from drug and alcohol use has been one of the corner stone conditions in Duckett's community-control sanction.  Thus, the three conditions that Duckett violated not only were tailored to address his substance abuse issues, but were also "a substantive rehabilitative requirement which addressed a significant factor contributing" to Duckett's misconduct.  *See Nelson*, 162 Ohio St.3d 338, 2020-Ohio-3690,165 N.E.3d 1110, ¶ 26, citing *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672, ¶ 17.  We find that Duckett's violations were nontechnical and his prison sentence of 24 months was authorized by law.

{¶21} Our holding is consistent with the three cases from the Second, Fifth and Twelfth District Courts of Appeals cited by Duckett in his notice of supplemental authority.  All three appellate district courts affirmed the violation(s) as being nontechnical after applying the Supreme Court's decisions in *Nelson* and C*astner*.  In *State v. Eastman*, the Second District held that "the trial court reasonably concluded that Eastman's failure to report to the probation department and failure to complete a drug and alcohol assessment constituted

nontechnical violations of his community control sanctions." *State v. Eastman*, 2d Dist. Clark No. 2020-CA-5, 2021-Ohio-392, ¶ 22.

{¶22} In *State v. Miller*, the Fifth District held that Miller's failure to report to probation, maintain sobriety, obey the law and pay monthly restitution were nontechnical violations. *State v. Miller*, 5th Dist. Fairfield No. 2020 CA 00024, 2021-Ohio-286, ¶ 20. Miller "during a thirteen-month period of time, * * * failed to report to her probation officer for a period of over twelve months." *Id.* at ¶ 22. The Fifth District noted that:

> The purpose of reporting to probation was to supervise appellant to monitor her sobriety, ensure she would repay her victim, and guard against future financial crimes. No substantive rehabilitative requirements can be met when the probationer fails to report for an extended period of time.

*Id.* Finally, in *State v. Smith*, the Twelfth District held:

> Appellant's pattern of conduct demonstrates a voluntary refusal to comply with the conditions of community control and thus a failure to comply with the community control sanctions as a whole. As a result, appellant's Basic Sanction No. 6 violation for failing to report to his probation officer for close to two months was not a "technical violation" under R.C. 2929.15(B)(1)(c)(i).

*State v. Smith*, 12th Dist. Clermont No. CA2020-08-044, 2021-Ohio-630, ¶ 24.

{¶23} As the three cases demonstrate, neglecting to report to the supervising probation officer coupled with a lack of validating sobriety can establish a defendant's failure to adhere to the substantive rehabilitative requirements. More recently, the Eighth District held that the requirement for Reese to "contact his probation officer once each week was more than an administrative requirement; it was a substantive rehabilitative requirement." *State v. Reese*, 8th Dist. Cuyahoga No. 109911, 2021-Ohio-1407, ¶ 15. It thus

found that Reese's failure "to place a phone call for five consecutive weeks is more than a technical violation." *Id.*

**{¶24}** Duckett did not report to his probation officer for over two months and failed to report for drug testing. During that time, his probation officer was unable to verify Duckett's sobriety, a key factor in his substantive rehabilitative requirement. Therefore, Duckett's violations are nontechnical.

**{¶25}** Accordingly, the trial court was not capped by the 180-day prison term limitation in R.C. 2929.15(B)(1)(c)(ii) for Duckett's most serious felony offenses. Duckett was advised at his initial sentencing hearing that if he violated the conditions of his community-control sanction, the trial court would impose an aggregate prison term of 48 months. By notifying Duckett of the specific prison term he faced, the trial court could have imposed the 48-month prison term at Duckett's second revocation hearing. *See State v. Howard*, 162 Ohio St.3d 314, 2020-Ohio-3195, 165 N.E.3d 1088, ¶ 22 (the notification requirement in R.C. 2929.19(B)(4) is met when the trial court at the initial sentencing hearing notifies a defendant of the exact prison term it will impose if he violated community control and is not required to repeat the notification at each revocation hearing.)

**{¶26}** Duckett's counsel, however, was able to negotiate a prison term of 24 months, which the trial court accepted. Duckett thus cannot demonstrate his counsel was ineffective for jointly recommending a sentence that is authorized by law and half of what he faced. Wherefore, Duckett's jointly recommended sentence that is authorized by law and imposed by the trial court is not

reviewable on appeal pursuant to R.C. 2953.08(D)(1).  Accordingly, Duckett's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

**{¶27}** Duckett maintains that the trial court committed plain error by randomly charging him numerous times a fee of $5 for a special project fund when Local Rule 13 specifies that the fee is a one-time assessment of $25 for each criminal cause.  Duckett argues that his three convictions are one cause of action, but alternatively, even if considered as three criminal causes, the fee would be three assessments of $25, not the random multiple $5 fees.[1]

**{¶28}** The state disagrees with Duckett's interpretation of the definition of criminal cause and his claim that the special project fee is limited to one assessment of $25.  According to the state, each count in the indictment is a separate criminal cause and further, that each probation violation is a separate action.  Thus, Duckett should be assessed five separate fees totaling $125 and he cannot demonstrate prejudice since the charges in his case are a total of $70.  The state, however, has no legal argument for the 14 separate $5 special project fees other than conjecture that "it appears these $5 fees were assessed upon the filing of Entries by the court."

---

[1] Duckett also claims that there is a violation of the Equal Protection Clause by allowing numerous special project assessments for those defendants charged with multiple criminal offenses when only one fee can be assessed against defendants in multiple civil actions. Duckett, however, failed to raise this issue in the lower court proceedings.  Therefore, we decline to address it for the first time on appeal.  "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal."  *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus.  The *Awan* waiver directive has been applied to the constitutionality of procedural and local rules.  *See In re McDaniel*, 11th Dist. Lake Nos. 2002-L-158 & 159, 2004-Ohio-2595, ¶ 35 ("Although *Awan* speaks of waiver in terms of a statute's constitutionality, it stands to reason that the same rule applies when attacking the constitutionality of a procedural rule. To wit, as a matter of appellate practice, a trial court must pass upon an issue in order for that issue to be properly before this court.").  *See also State v. Cole*, 11th Dist. Lake No. 2004-L-92, 2005-Ohio-1794, ¶ 8 ("We first note Cole failed to raise the issue of the constitutionality of Loc.R. III(D)(4) at the trial court level; therefore, he has waived this argument.").

Law and Analysis

**{¶29}** "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). In order to establish plain error, Duckett "must show that (1) there was an error or deviation from a legal rule, (2) the error was plain and obvious, and (3) the error affected the outcome of the trial." *State v. Mohamed*, 151 Ohio St.3d 320, 2017-Ohio-7468, 88 N.E.3d 935, ¶ 26, citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978). A "substantial right" is a "right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).

**{¶30}** Pursuant to R.C. 2947.23(A)(1)(a) "[i]n all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs." Case is defined as "a prosecution of all of the charges that result from the same act, transaction, or series of acts or transactions and that are given the same case type designator and case number under Rule 43 of the Rules of Superintendence for the Courts of Ohio or any successor to that rule." R.C.2947.23(D). Cost is not statutorily defined but has been interpreted by the Supreme Court as:

> Costs, in the sense the word is generally used in this state, may be defined as being the statutory fees to which officers,

witnesses, jurors, and others are entitled for their services in an action or prosecution, and which the statutes authorize to be taxed and included in the judgment or sentence. (*State ex rel. Franklin Cty. Commrs. v. Guilbert* (1970), 77 Ohio St. 333, 338, 83 N.E. 80, approved and followed.)

*City of Middleburg Heights v. Quinones*, 120 Ohio St.3d 534, 2008-Ohio-6811, 900 N.E.2d 1005, paragraph one of the syllabus.

**{¶31}** The clerk of the common pleas court pursuant to R.C. 2303.20 has the mandatory duty to charge fees.  The statute provides that "the clerk shall charge the following fees and no more" and then specifies the fee amount for each listed item.  The list in R.C. 2303.20 is all-inclusive since the words "no more" are unambiguous and must be given their ordinary meaning.  "An unambiguous statute must be applied in a manner consistent with the plain meaning of the statutory language, and a court cannot simply ignore or add words."  *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St. 3d 106, 2006-Ohio-954, 116, 846 N.E.2d 478, ¶ 52, citing *State ex rel. Burrows v. Indus. Comm.*, 78 Ohio St.3d 78, 81, 676 N.E.2d 519 (1997).  R.C. 1.42 also directs that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage."

**{¶32}** The comprehensive list in R.C. 2303.20 does not include an item for a special project fee.  And the 14 specific $5 charges in Duckett's itemized bill statement are not ones associated with any of the provisions in the statute.  Duckett and the state seem to both acknowledge that and instead rely on Local

Rule 13 to explain the 14 separate $5 special project fees.[2]  In September 2009, Scioto County Court of Common Pleas Local Rule 13 was amended in order "to provide for a $25.00 fee in all civil and criminal filings for a special projects fund." In the Matter of the Adoption of Rule 13 of the Rules of Practice of the General Division, Journal Entry.  The rule is titled "deposits in civil actions" and specifies that "$25.00 of all costs deposited pursuant to this rule shall be deposited in the Special Project Funds."  Loc.R. 13(F), of the Court of Common Pleas of Scioto County, General Division.  Reading the language of the rule as written, we interpret it to mean that of the monies deposited in each civil action, $25 is earmarked and added to the special project fund.  It does not, as the parties claim, authorize an additional $25 special project fee to be assessed separately to a criminal cause of action as court costs.

**{¶33}** Duckett's itemized bill statement includes 14 separate $5 charges of "special projects" fees beginning in February 24, 2016, when he was appointed counsel on the initial indictment, and ending on November 3, 2020.  These fees are not associated with any of the mandatory charges listed in R.C. 2303.20, and even the state's conjecture that the fees correspond with the filing of an entry is belied by the record in which separate fees were assessed for each filed entry.  It was plain error to assess the special project amounts to Duckett when no statutory provision or local rule permits such fees.  The additional $70 charges

---

[2] Duckett also cites and is requesting that we apply the definition of criminal cause in R.C. 2303.201(E)(2)(a) in support of his claim that his three convictions are one criminal cause of action. (Duckett's brief page 15)  But that definition only applies to R.C. 2303.201(E) in which it provides: "As used in division (E) of this section[.]"  *See* R.C. 2303.201(E)(2). Further, R.C. 2303.201 pertains to special fees associated with computerizing the court and/or paying for computerized legal research.  Those charges are permitted up to $6 but after the court of common pleas makes the determination that the funds are required for that purpose. *See* R.C. 2303.201(A)(1) ("Upon making a determination that additional funds are required for either or both of those purposes, the court shall authorize and direct the clerk of the court of common pleas to charge one additional fee, not to exceed six dollars[.]")  Neither party here asserts there has been a determination for the computerized funding by the Scioto County Court of Common Pleas and we cannot find a local rule with that determination.

were thus improperly assessed as court costs.  Therefore, Duckett's second assignment of error is sustained and this matter is remanded to the trial court for a correction of the court costs charged.

CONCLUSION

**{¶34}** We affirm Duckett's 24-month prison sentence, but having sustained his second assignment of error, we remand the matter for further proceedings consistent with this opinion.


**JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED IN PART AND REVERSED IN PART and that the CAUSE IS REMANDED. Appellant and appellee shall split the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J: Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge


### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**