[Cite as *State v. Sanchez Martinez*, 2019-Ohio-3350.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180580 |
| | | TRIAL NO. B-1704913 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| VICTOR SANCHEZ MARTINEZ, | : | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: August 21, 2019


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*John D. Hill, Jr.*, for Defendant-Appellant.

**MOCK, Presiding Judge.**

{¶1}     Defendant-appellant Victor Sanchez Martinez ("Sanchez") appeals from the trial court's October 9, 2018 judgment entry finding that he violated his community-control sanctions and imposing a sentence of 12 months in prison.  For the reasons set forth below, we affirm the trial court's judgment.

## Multiple Community Control Violations
## Result in Prison Sentence

{¶2}     On October 12, 2017, Sanchez entered a plea of guilty to one count of failing to provide notice of a change of his address, a felony of the fourth degree in violation of R.C. 2950.05.  The trial court accepted that plea, found him guilty, and placed him on community control.  One month later, the probation department notified the trial court that he had violated the terms of his community control.  He had failed to report to the probation department on October 31.  A letter was then sent to him, instructing him to report on November 15.  On November 15, Sanchez again failed to report to the probation department.  Additionally, Sanchez had failed to make any payments toward his court costs.  On December 27, the trial court conducted a hearing and found that Sanchez had violated the terms of his community control, but allowed him to continue on community control.

{¶3}     On June 26, 2018, the probation department filed a notice with the trial court that Sanchez had again violated the terms of his community control.  The report detailed that he had failed to appear in another case, resulting in a capias being issued, had been convicted of four new misdemeanor offenses, had failed to notify the probation department of a change of his residence, had again failed to report to the probation department as instructed on two additional occasions, and had failed to make any payments toward his court costs.

{¶4} On October 9, the trial court conducted a hearing on the notice. During the course of the hearing, the trial court learned that Sanchez's new offenses stemmed mainly from his failure to cooperate with law enforcement when he encountered them. In January, Sanchez was at a friend's house when the police arrived and Sanchez gave the officer a fake name before fleeing from the home. This resulted in a charge of obstructing official business. In February, a police officer attempted to pull him over. Sanchez pulled into a parking lot, but drove away when the officer approached his car. This resulted in a charge of failure to comply with an order or signal of a police officer. In March, Sanchez attacked two employees in a restaurant while he was intoxicated. This resulted in two charges of misdemeanor assault.

{¶5} During the course of the hearing, the trial court became increasingly frustrated with Sanchez's answers, noting "You're avoiding answering my direct questions, which tells me there's a hell of a lot more there than what you are telling me." The trial court then reviewed the violation report from the previous December. After considering the information, the trial court concluded that "Mr. Sanchez, you're just, basically, ignoring the whole process." The trial court then revoked Sanchez's community control and sentenced him to 12 months in prison.

{¶6} In his first assignment of error, Sanchez claims that the trial court should have imposed a sentence of 180 days instead of 12 months. In his second assignment of error, he claims that counsel was ineffective for failing to argue that the 12-month sentence was contrary to law. We will address the assignments together.

**A Pattern of Conduct Amounting to a Failure
to Comply with the Conditions as a Whole**

{¶7}    In 2017, the General Assembly substantially modified Ohio's sentencing scheme for community-control violations where the underlying offense is a felony of the fourth or fifth degree.  R.C. 2929.15 now significantly narrows the discretion trial courts may exercise when sentencing a defendant after finding a violation of community control.  If the defendant either violates the conditions of community control, or violates the law, or leaves the state without permission, the trial court may impose a prison sentence.  *See* R.C. 2929.15(B)(1)(c).  But the trial court is limited to imposing only 180 days for a felony of the fourth degree "if the prison term is imposed for any technical violation of the conditions of a community control sanction * * * or for any violation of law * * * that consists of a new criminal offense and that is not a felony."  R.C. 2929.15(B)(1)(c)(ii).

{¶8}    Sanchez argues that his violations constituted technical violations and misdemeanor offenses, and therefore he could only be sentenced to 180 days in prison.  This court has recently addressed the application of the 2017 change to the community-control-violation sentencing statute and the definition of a "technical violation."  *See State v. Kernall*, 1st Dist. Hamilton No. C-180613, 2019-Ohio-3070.

> We agree with the Fifth, Second, and Sixth Districts to the extent that a "technical violation" is a violation of any requirement which merely facilitates community-control supervision. *See* [*State v. Nelson*, 2d Dist. Champaign No. 2018-CA-5, 2018-Ohio-4763,] ¶ 32.  However, we also agree with the Eighth District's rationale that an offender's violations of community control can be considered under the totality of the circumstances. "[T]he General Assembly did not intend for individuals who [never report to probation or who fail to engage in any

4

of the conditions of community control] to be considered 'technical' violators." *State v. Stanko*, 8th Dist. Cuyahoga No. 106886, 2019-Ohio-152, ¶ 10. Therefore, the inquiry under R.C. 2929.15(B)(1)(c) is two-fold. An offender's significant failure to comply with any substantive rehabilitative requirement which was specifically-tailored to the offender's underlying conduct is not a technical violation for purposes of R.C. 2929.15(B)(1)(c). In addition, if the offender engages in a pattern of conduct that demonstrates a failure to comply with the community-control sanction as a whole, this is also not a technical violation.

*Id.* at ¶ 18. Thus, a trial court may sentence a defendant to a term greater than that set forth in either of the subsections of R.C. 2929.15(B)(1)(c) if the trial court concludes that the defendant either (1) violated a condition that was a substantive rehabilitative requirement specifically tailored to the offender's conduct, or (2) engaged in a pattern of conduct that demonstrated a failure to comply with the community-control sanction as a whole.

{¶9} In this case, the individual acts that constituted the several violations of Sanchez's community control were either technical violations or new criminal conduct that did not constitute felonies. And none of his conduct resulted in a violation of a substantive rehabilitative requirement which was specifically-tailored to his underlying conduct. As a result, we are left to consider whether his conduct amounted to "a pattern of conduct that demonstrates a failure to comply with the community-control sanction as a whole."

{¶10} In *State v. Kernall*, this court addressed the same question, finding that Kernall had engaged in such a pattern of conduct.

5

In addition to failing to report to substance-abuse treatment, Kernall also failed to report to the probation department on two separate occasions, failed to show proof of employment verification, and obtained five new misdemeanor capiases. While each of these violations alone would likely constitute either a technical violation or a violation of law that is not a felony, the cumulative effect of the violations amounts to a pattern of conduct that demonstrates a failure to comply with the community-control sanction as a whole.

*Kernall,* 1st Dist. Hamilton No. C-180613, 2019-Ohio-3070, at ¶ 20.

{¶11}   In this case, Sanchez failed to notify the probation department of his new address, he failed to report to the probation department on two separate occasions, he picked up four new misdemeanor convictions, and he failed to appear for court for one of those.   And two of the four offenses involved the failure to cooperate with law enforcement—in one instance he gave a police officer a fake name and fled, and in a second he fled from another officer who attempted to pull him over.   And during the hearing on his community-control violations, he was evasive in his answers to the trial court.   The overall pattern that Sanchez established was that he was unwilling to cooperate with the requirements placed upon him by others in authority—not by police officers, not by probation officers, and not by courts.   In summing up the matter, the trial court told him that "you're just, basically, ignoring the whole process."   Even without the guidance of this court in *Kernall*, the trial court, in essence, concluded that "the cumulative effect of the violations amount[ed] to a pattern of conduct that demonstrate[d] a failure to comply with the community-control sanction as a whole."   And the record amply supports this conclusion.

**Conclusion**

{¶12} Sanchez was not entitled to the 180-day limitation under R.C. 2929.15(B)(1)(c)(ii). And since he was not entitled to the limitation, counsel was not ineffective for failing to make that argument below. *See State v. Black*, 1st Dist. Hamilton No. C-100357, 2011-Ohio-1330, ¶ 23 (the failure to make a futile argument is not ineffective assistance of counsel). We overrule his two assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

**BERGERON** and **CROUSE, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.