[Cite as *State v. Crose*, 2023-Ohio-880.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                       CASE NO. 3-22-34

     v.

CANDICE CROSE,                            O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No. 19-CR-0446

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision: March 20, 2023

APPEARANCES:

    *Christopher Bazeley* for Appellant

    *Bailey Higgins* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Candice Crose ("Crose"), appeals the September 7, 2022 judgment entry of the Crawford County Common Pleas Court's determination that Crose's community-control violation constitutes a non-technical violation and the imposition of a 6-month reserved-prison term consecutively to Crose's sentence imposed in Richland County. For the reasons that follow, we affirm in part and reverse in part.

{¶2} On October 29, 2019, the Crawford County Grand Jury indicted Crose for Identity fraud in violation of R.C. 2913.49(B)(1), a fifth-degree felony. Crose appeared for arraignment on December 2, 2019 and entered a not-guilty plea.[1]

{¶3} On July 1, 2020, Crose entered a guilty plea to the indictment pursuant to a negotiated-plea agreement. Importantly, the negotiated-plea agreement contained a joint-sentencing recommendation. Specifically, Crose and the State agreed to recommend that the trial court order a five-year term of community control. Further, the parties agreed to waive the preparation of a presentence investigation report prior to sentencing. Thereafter, the trial court convened a sentencing hearing wherein the trial court followed the parties' joint-sentencing recommendation in its entirety. Further, the trial judge reserved a 12-month prison

---

[1] Crose was a resident in a halfway house in Richland County at the time she became aware that a warrant for her arrest had been issued on the indictment in Crawford County.

term in the event that Crose violated the terms and conditions of her community-control sanctions.

{¶4} The trial court in Richland County judicially released Crose from prison on February 4, 2021. However, on February 23, 2021, a bench warrant was issued for Crose's arrest by Crawford County because she failed to report to her probation officer upon her judicial release from prison. After Crose was arrested on a bench warrant, her probation officer in Crawford County filed a notice of violation in the trial court seeking to revoke her community control based upon the failure to timely report after her release from prison.

{¶5} On September 6, 2022, the trial court held a community-control-revocation hearing. The trial court found that Crose violated community control and determined that the violation was a non-technical violation. Thereafter, the trial court revoked Crose's community control and sentenced her to a 6-month prison term to run consecutive to the sentence imposed by Richland County in case number 2019CR781. At the time that Crose was sentenced in Crawford County, she was already serving prison terms in her Richland County case.

{¶6} Crose filed a timely appeal from this judgment and raises two assignments of error for our review that we will review separately.[2]

---

[2] On October 21, 2022, Crose requested that we stay the briefing schedule in the instant appeal pending the outcome of *State v. Jones*, ___Ohio St.3d___, 2022-Ohio-4485; however, we denied her request on November 2, 2022. The Supreme Court of Ohio's holding in *Jones* speaks directly to Crose's second assignment of error, which we will address more fully and specifically under that assignment of error.

Case No. 3-22-34

## Assignment of Error I

**The Trial Court Erred When It Found That Crose's Community Control Violation Was A Non-Technical Violation Under R.C. 2929.15.**

{¶7} In her first assignment of error, Crose argues that the trial court erred by finding her violation of community-control sanctions to be a *non-technical* violation (i.e., absconding). Specifically, Crose asserts that her violation is a technical violation, which subjects the trial court to a sentencing cap for a fifth-degree felony under R.C. 2929.15(B)(1)(c)(i), thereby rendering the trial courts sentence of a 6-month prison term contrary to law.[3]

### *Standard of Review*

{¶8} The decision of a trial court finding a community-control violation will not be disturbed absent an abuse of discretion. *State v. McKeithen*, 3d Dist. Marion No. 9-08-29, 2009-Ohio-84, ¶ 7, citing *State v. Ryan*, 3d Dist. Auglaize No. 14-06-55, 2007-Ohio-4743, ¶ 7; *State v. Espinoza*, 3d Dist. Allen No. 1-21-48, 2022-Ohio-1807, ¶ 17. An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

### *Analysis*

{¶9} Here, the trial court found that Crose violated Crawford County condition number five

---

[3] If the trial court was subjected to the sentencing cap then Crose's prison term could not exceed 90 days *or* the remaining period of the reserved prison sentence *if* it is less than 90 days. *See* R.C. 2929.15(B)(1)(c)(i).

> **'I will follow all orders verbal or written given to me by my supervising officer or other authorized representatives of the Court or the Department of Rehabilitation and Correction * * *'. To Wit:**
>
> **February 5th, 2021 [Crose] failed to report in person to [her] Supervising Officer upon her release from Richland County Jail on February 4th, 2021. [Crose's] whereabouts were unknown and a warrant was issued for [her] arrest. On July 1st, 2020 [Crose] signed an Offender Notify form acknowledging that [she was] aware that [she was] required to report in person to the Crawford County Adult Probation on the following business day upon [her] release from custody.**

(Doc. No. 26).

{¶10} R.C. 2929.15(B) governs the penalties available to the sentencing court when an offender violates community control. In 2017, the General Assembly amended R.C. 2929.15(B) to place limitations on prison terms imposed for violations of a community control sanction for certain fourth or fifth degree felonies. *See* 2017 H.B. 49. R.C. 2929.15(B) provides in its pertinent parts:

> (B)(1) If the conditions of a community control sanction imposed for a felony are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose on the violator one or more of the following penalties:
>
> (a) A longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section;
>
> (b) A more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code, including but not limited to, a new term in a community-based correctional facility, halfway house, or jail pursuant to division (A)(6) of section 2929.16 of the Revised Code;

(c) A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section, provided that a prison term imposed under this division is subject to the following limitations and rules, as applicable:

(i) If the prison term is imposed for *any technical violation* of the conditions of a community control sanction imposed *for a felony of the fifth degree*, the prison term *shall not exceed ninety days*, provided that if the remaining period of community control at the time of the violation *or the remaining period of the reserved prison sentence at that time is less than ninety days*, the prison term shall not exceed the length of the remaining period of community control or the remaining period of the reserved prison sentence. If the court imposes a prison term as described in this division, division (B)(2)(b) of this section applies.

* * *.

(Emphasis added.) R.C. 2929.15(B)(1)(a)-(c).

{¶11} In *State v. Nelson*, 162 Ohio St.3d 338, 2020-Ohio-3690, the Supreme Court of Ohio defined a violation of a community-control sanction as a "nontechnical violation" if, considering the totality of the circumstances,

the violation concerns a condition of community control that was "specifically tailored to address" matters related to the defendant's misconduct or if it can be deemed a "substantive rehabilitative requirement which addressed a significant factor contributing to" the defendant's misconduct.

*Id.* at ¶ 26, citing *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672, ¶ 17-18.

{¶12} A violation is technical when the condition violated is akin to "an administrative requirement facilitating community control supervision." *Nelson* at

¶ 26, citing *Davis* at ¶ 18. "There is no single factor that determines whether a violation is technical or nontechnical." *Nelson* at ¶ 26. "[T]he statute allows the trial court to engage in a practical assessment of the case before it, i.e., to consider the nature of the community-control condition at issue and the manner in which it was violated, as well as any other relevant circumstances in the case" before determining whether a violation is technical or nontechnical in nature.[4] *Id.* Significantly, following the Supreme Court's release of *Nelson*, the General Assembly amended R.C. 2929.15 (on April 12, 2021) to define a "technical violation" under the statute. *See* 2020 H.B. 1. Nonetheless, the holding in *Nelson* remains instructive herein. R.C. 2929.15(E) *now* defines a "technical violation" to mean:

> a violation of the conditions of a community control sanction imposed for a felony of the fifth degree, * * * that is not an offense of violence and is not a sexually oriented offense, *and* to which neither of the following applies:
>
> (1) The violation consists of a new criminal offense that is a felony or that is a misdemeanor other than a minor misdemeanor, and the violation is committed while under the community control sanction.
>
> (2) The violation consists of or includes the offender's articulated or demonstrated refusal to participate in the community control sanction imposed on the offender or any of its conditions, and the refusal demonstrates to the court that the offender has abandoned the objects of the community control sanction or condition.

---

[4] Notably, *Nelson* was decided on July 15, 2020 and after Crose's change-of-plea and sentencing hearings on July 1, 2020.

(Emphasis added.) R.C. 2929.15(E)(1)-(2).

**{¶13}** Here, there simply is no dispute that it was Crose's responsibility to contact her Crawford County probation officer (Clay) upon her judicial release. (*See* State's Ex. 1). Moreover, there is no dispute that Clay's only contact with Crose occurred approximately three weeks after her release from the Richland County Jail and upon her apprehension on a bench warrant. Thus, Crose's failure to contact Clay was a failure to make herself available for supervision entirely. (*See* Sept. 6, 2022 Tr. at 32) ("I found that the State has proven by a preponderance of the evidence it's a violation by nonreporting, in other words, absconding from supervision.") To us, Crose's lack of compliance supports the trial court's determination that Crose had absconded, a *non-technical* violation of her community-control sanctions. *See* R.C. 2929.15(E)(2).

**{¶14}** Hence, we conclude that the trial court did not err by determining that Crose's violation of a condition of her community-control sanctions was a *non-technical* violation.

**{¶15}** Accordingly, Crose's first assignment of error is overruled.

**Assignment of Error II**

**The Trial Court Failed To Advise Crose Of The Possibility Of Consecutive Sentences For A Community Control Violation At Her Original Sentencing.**

{**¶16**} In her second assignment of error, Crose argues that the trial court erred by ordering that the 6-month prison term in Crawford County be served consecutively to the sentence imposed by Richland County in case number 2019CR781. Specifically, Crose asserts that the trial court failed to notify her that she *could be* ordered to serve her 12-month reserved-prison term for a community-control violation consecutively to her existing Richland County sentence (at her Crawford County sentencing hearing held on July 1, 2020).

*Standard of Review*

{**¶17**} R.C. 2953.08 provides specific grounds for a defendant to appeal a felony sentence. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 10. Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{**¶18**} The record reveals that the trial court and the State were aware when Crose entered her guilty plea (in Crawford County on July 1, 2020) that she (Crose)

was serving stated-prison terms ordered by Richland County. When the Crawford County trial court accepted Crose's plea and then sentenced her to a five-year term of community-control sanctions with a 12-month reserved-prison term, the matter of consecutive sentences was not addressed with Crose on the record in open court or in the judgment entry of sentencing. Subsequently, Crose was sentenced to a consecutive sentence after her community control was revoked by Crawford County.

{¶19} At the time that Crose was sentenced for her community-control violation, the Supreme Court of Ohio had accepted *State v. Jones*, ___Ohio St.3d.___, 2022-Ohio-4485 for consideration of a certified conflict between several Ohio Appellate Districts. *Jones* at ¶ 1. The certified question involved "whether a trial court, when imposing a prison sentence that it had previously notified the offender could be imposed upon revocation of community control ("reserved[-]prison term"), may require that the sentence be served consecutively to other sentences being served by the offender." *Id.* When the Supreme Court released its decision, in *State v. Jones, supra*, on December 15, 2022, the trial court herein had already imposed Crose's reserved-prison term consecutive to her Richland County sentence. In *Jones*, *supra*, the Supreme Court held that a "[r]eserved[-]prison term may be ordered to be served consecutively to any other sentence at a community-control-revocation hearing *if* notice was given *when* the prison term was reserved

that the term could be required to be served consecutively to another prison term at the time of revocation." (Emphasis added.) *Id.* at ¶ 15

**{¶20}** Thus, the Supreme Court's clarification of the consecutive-sentence-notification requirement for reserved-prison terms (to be imposed consecutively to another prison term at the time of revocation) rendered the trial court's imposition of its 6-month prison term consecutive to the sentence in her Richland County case contrary to law.

**{¶21}** Accordingly, Crose's second assignment of error is sustained.

**{¶22}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued in the first assignment of error, we affirm the judgment of the trial court, in part.

**{¶23}** However, having found error prejudicial to the appellant herein in the particulars assigned and argued in the second assignment of error, in part, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part and*
*Cause Remanded*

**WILLAMOWSKI, J., concurs.**

**/jlr**

**WALDICK, J., concurring separately.**

{¶24} I agree with the majority's resolution of the second assignment of error based upon the Supreme Court of Ohio's recent decision in *State v. Jones*, --- Ohio St.3d ---, 2022-Ohio-4485; however, I write separately to express my opinion that the partial dissent in *Jones* contains a better reasoned analysis. In my view, "The plain language of former R.C. 2929.19(B)(4), 2012 Am.Sub.S.B. No. 337, does not require a court to provide notice to the offender at the time community control is imposed that a reserved prison term may be ordered to be served consecutively to any other sentence." *Jones* at ¶ 20. Nevertheless, regardless of my personal opinion, I recognize that the majority's holding in *Jones* is controlling here, therefore, I concur in this Court's opinion.