[Cite as *State v. Everett*, 2023-Ohio-1243.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO.  3-22-27

    v.

ROBERT R. EVERETT,                    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No.  21-CR-0354

Judgment Affirmed

Date of Decision:   April 17, 2023

APPEARANCES:

    *Howard A. Elliott* for Appellant

    *Bailey Higgins* for Appellee

**MILLER, P.J.**

{¶1} Defendant-appellant, Robert R. Everett, appeals the June 8, 2022 judgment of sentence of the Crawford County Court of Common Pleas. For the reasons that follow, we affirm.

*Facts & Procedural History*

{¶2} On October 12, 2021, the Crawford County Grand Jury indicted Everett on a single count of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony. On October 14, 2021, Everett appeared for arraignment and pleaded not guilty to the count in the indictment.

{¶3} A change-of-plea hearing was held on December 9, 2021, at which Everett withdrew his previous not-guilty plea and entered a guilty plea to the count in the indictment. The trial court accepted Everett's guilty plea and found him guilty. The trial court proceeded immediately to sentencing where it imposed a jointly-recommended sentence of five years of community control with the special condition that Everett immediately complete a drug and alcohol assessment and complete an alcohol and drug treatment program. The trial court informed Everett that, in the event he fails to successfully complete community control, he was subject to up to 12 months in prison.

{¶4} On December 13, 2021, Everett failed to report to his scheduled appointment with his supervising probation officer and a warrant was subsequently

issued for Everett's arrest. On March 21, 2022, Everett was arrested on the warrant and a motion was filed requesting the trial court issue an order requiring Everett to show cause why his community control should not be revoked. Specifically, the motion alleged that Everett violated the terms of his community control by failing to appear for the December 13, 2021 scheduled office visit with his probation officer and by leaving the state without the written permission of his supervising probation officer. At an initial appearance held later that day, Everett entered a denial to the probation violation.

{¶5} The following day, another show-cause motion was filed alleging that after his arrest on March 21, 2022, Everett refused to provide a urine sample for a drug screen as ordered by his supervising probation officer.

{¶6} On June 8, 2022, Everett entered admissions acknowledging the violations of his community control as outlined in the March 21 and March 22, 2022 filings. The trial court accepted Everett's admission and found him to have violated his community control. With respect to sentencing, the parties did not agree whether the violations were technical or nontechnical, and each party argued their respective positions. The trial court determined that the violations were nontechnical violations of Everett's community control and sentenced him to eight months in prison. The trial court filed its judgment entry of sentencing on June 8, 2022.

{¶7} On July 6, 2022, Everett filed a notice of appeal. He raises the following assignment of error for our review:

**Assignment of Error**

**In as much as the community control violation of the Appellant/Defendant is triggered upon him having relocated himself to a different [state] while on community control, as such, it was a condition tailored to facilitate the stated requirements of community control supervision and not a criminal act as such he would have been guilty of a technical violation of his community control conditions for which the punishment is limited by Ohio Revised Code § 2929.15(B); that of ninety (90) days of incarceration and the trial court's imposition of a longer term of incarceration was contrary to law requiring the matter to be reversed and remanded to the trial court for further proceedings.**

{¶8} In his assignment of error, Everett contends the trial court erred by finding his community-control violations were nontechnical. Specifically, Everett argues that his violations are technical violations, which subjects the trial court to a sentencing cap for a fifth-degree felony under R.C. 2929.15(B)(1)(c)(i), thereby rendering his sentence of eight months in prison contrary to law.

*Applicable Law*

{¶9} R.C. 2929.15(B) governs the penalties available to a sentencing court when an offender violates community control. In 2017, the General Assembly amended R.C. 2929.15(B) to place limitations on prison terms imposed for violations of a community-control sanction for certain fourth- or fifth-degree felonies. *See* 2017 H.B. 49. R.C. 2929.15(B) provides, in pertinent part:

(B)(1) [I]f the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose on the violator one or more of the following penalties:

\*\*\*

(c) A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section, provided that a prison term imposed under this division is subject to the following limitations and rules, as applicable:

(i) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree, the prison term shall not exceed ninety days[.]

{¶10} Thus, a prison term imposed pursuant to a technical violation of the conditions of a community-control sanction is contrary to law if it exceeds the applicable statutory limitations established in R.C. 2929.15(B)(1)(c). *State v. Whitaker*, 6th Dist. Wood Nos. WD-19-038, WD-19-039, and WD-19-040, 2020-Ohio-4249, ¶ 12.

{¶11} In *State v. Nelson*, 2020-Ohio-3690, the Supreme Court of Ohio held

a violation is "nontechnical" if, considering the totality of the circumstances, the violation concerns a condition of community control that was "specifically tailored to address" matters related to the defendant's misconduct or if it can be deemed a "substantive rehabilitation requirement which addressed a significant factor contributing to" the defendant's misconduct.

*Id.* at ¶ 26 quoting *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672, ¶ 17, 18. In contrast, "a violation is 'technical' when the condition

violated is akin to 'an administrative requirement facilitating community control supervision.'" *Id.*, quoting *Davis* at ¶ 18. "There is no single factor that determines whether a violation is technical or nontechnical." *Id.* "[T]he statute allows the trial court to engage in a practical assessment of the case before it, i.e., to consider the nature of the community-control condition at issue and the manner in which it was violated, as well as any other relevant circumstances in the case." *Id.* As the Supreme Court noted, "a trial court may find a violation to be more serious—and therefore nontechnical—based in part on the *manner* in which the violation of the community-control condition occurred; it is not constrained to reviewing only the nature of the condition itself." (Emphasis sic.) *Id.* at ¶ 23.

**{¶12}** Following *Nelson*, the General Assembly amended R.C. 2929.15 (on April 12, 2021) to define a "technical violation" under the statute. *See* 2020 H.B. 1. Nevertheless, the holding in *Nelson* remains instructive. *State v. Crose*, 3d Dist. Crawford No. 3-22-34, 2023-Ohio-880, ¶ 12. R.C. 2929.15(E), as amended, defines a "technical violation" as:

> a violation of the conditions of a community control sanction imposed for a felony of the fifth degree, or for a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense, and to which neither of the following applies:
>
> (1)  The violation consists of a new criminal offense that is a felony or that is a misdemeanor other than a minor misdemeanor, and the violation is committed while under the community control sanction.

(2) The violation consists of or includes the offender's articulated or demonstrated refusal to participate in the community control sanction imposed on the offender or any of its conditions, and the refusal demonstrates to the court that the offender has abandoned the objects of the community control sanction or condition.

R.C. 2929.15(E)(1)-(2).

*Analysis*

{¶13} A review of the record indicates that on December 12, 2021, Everett sent an email to his supervising probation officer requesting permission to travel to his father's residence in Lansing, Michigan. Before receiving a response, Everett left the State of Ohio, thereby violating the terms of his community control. On December 13, 2021, he failed to appear for a scheduled office visit with his supervising probation officer, and a warrant was issued for his arrest. Everett did not communicate with his probation officer for 98 days, and at that time, his probation officer did not know Everett's whereabouts. On March 21, 2022, Everett was arrested in Ohio on the outstanding warrant. However, when Everett made contact with his probation officer following his arrest, Everett refused to provide a urine sample for a drug screen.

{¶14} Everett and his trial counsel argued that Everett traveled to Michigan because his home in Ohio was without heat and electricity, and he felt that his only option was to travel to his father's residence in Michigan. Additionally, Everett claimed he was assisting in caring for his father's medical needs.

**{¶15}** After considering the parties' arguments in great detail, the trial court determined that Everett's community-control violations were nontechnical. The trial court reasoned that Everett was only on community control for two weeks when he absconded for 98 days. Moreover, Everett did not turn himself in or make contact with his probation officer when he returned to Ohio. Rather, his first contact with his probation officer was subsequent to his arrest on the outstanding warrant. The trial court also noted that Everett had a previous drug-related offense in Michigan, and accordingly, the court was concerned that Everett's out-of-state travel was, at least in part, motivated by his drug-related contacts in Michigan. The trial court indicated that Everett's refusal to complete the requested drug screen did nothing to assuage these concerns.

**{¶16}** After reviewing the record and relevant case law, we do not find the trial court abused its discretion by classifying Everett's community-control violation as nontechnical. The overall pattern of Everett's behavior and the cumulative effect of the violations demonstrated a failure to participate in his community-control sanction as a whole. *See Crose*, 2023-Ohio-880, at ¶ 13-14 (Crose's failure to contact her probation officer for three weeks upon her release "was a failure to make herself available for supervision entirely" and was a nontechnical violation of her community-control sanctions); *State v. Sanchez Martinez*, 1st Dist. Hamilton C-180580, 2019-Ohio-3350, ¶ 11 (Sanchez Martinez's

community-control violation was nontechnical where he failed to notify his supervising officer of his new address, failed to report to the probation department on two occasions, and was charged with four misdemeanor offenses); *State v. Smith*, 12th Dist. Clermont No. CA2020-08-044, 2021-Ohio-630, ¶ 24-25 (holding that Smith's failure to report to his supervising officer for almost two months constituted a nontechnical violation of his community control). Accordingly, we find the 90-day prison term limitation of R.C. 2929.15(B)(1)(c)(i) was inapplicable.

{¶17} Everett's assignment of error is overruled.

{¶18} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Crawford County Court of Common Pleas.

*Judgment Affirmed*

**ZIMMERMAN and WILLAMOWSKI, J.J., concur.**

**/jlr**